Christopher C. McNatt, Jr. (SBN 174559
cmcnatt@scopelitis.com
Megan E. Ross (SBN 227776)
mross@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Tel: (626) 795-4700
Fax: (626) 795-4790

Attorneys for Defendants,
CRST INTERNATIONAL, INC. and CRST EXPEDITED, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MARKSON AND MARK MCGEORGE, individually and on behalf of the Putative Class,<br><br>Plaintiffs,<br><br>vs.<br><br>CRST INTERNATIONAL, INC., an Iowa corporation, CRST EXPEDITED, INC., an Iowa corporation, and DOES 1-100, inclusive,<br><br>Defendants. | State Court Case No.: CIVDS1709404<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** |

Defendants, CRST International, Inc. and CRST Expedited, Inc., remove this case from the Superior Court of San Bernardino County, California, to the U.S. District Court for the Central District of California. In support of removal, Defendants state the following:

**1.    The Action**. Plaintiffs, Curtis Markson and Mark McGeorge, filed their Class Action Complaint for (1) Unreasonable Charges and Penalties Associated with Training for CDL Licenses and (2) Unlawful, Unfair or Fraudulent Business Practices, captioned *Curtis Markson and Mark McGeorge, individually and on behalf of the Putative Class v. CRST International, Inc., CRST Expedited, Inc.; and Does 1-100, inclusive*, Case No. CIVDS1709404, in the Superior Court of San Bernardino,

1

California, on May 15, 2017 ("Complaint"). The Complaint asserts two causes of action: (1) unreasonable charges and penalties associated with training for CDL licenses, and (2) unlawful, unfair or fraudulent business practices. Copies of all pleadings and papers filed in the Superior Court of San Bernardino County, California of which Defendants are aware are attached as *Exhibit A*.

**2.     Statutory Grounds for Removal.** This action is removable under the Class Action Fairness Act of 2005 ("CAFA") because this is a class action with a proposed class exceeding 100 persons in which the amount in controversy exceeds $5 million, exclusive of interest and costs, and because the Plaintiffs and Defendants are citizens of different states. See 28 U.S.C. §§ 1332(d)(2) and 1453.

**3.     Class Action.** This case is a class action within the meaning of CAFA because Plaintiffs seek class certification of a class under California law. *See* 28 U.S.C. § 1332(d)(1)(B) (defining a "class action" to include any civil action filed under state class action certification procedures); *Complaint*, ¶ 70 (describing the case as a class action under section 382 of the California Code of Civil Procedure). In addition, Plaintiffs allege the class they seek to represent includes more than 1,000 individuals. *See* 28 U.S.C. § 1332(d)(5)(B) (limiting CAFA jurisdiction to proposed classes with at least 100 members); *Complaint*, ¶ 71 ("Defendants employ more than 1,000 employees who satisfy the class definition.").

**4.     Citizenship of the Parties.** Plaintiffs allege they are residents of the State of California. *See Complaint*, ¶¶ 1, 2. They are therefore citizens of California. CRST Expedited and CRST International are both corporations incorporated under the laws of Iowa with their principal places of business located in Iowa. *See Declaration of David Souza* (attached as *Exhibit B*), ¶ 3. Therefore, both Defendants are citizens of Iowa. 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Plaintiffs' naming of unidentified "Doe" defendants is irrelevant to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Kruso v. Int'l Tel. &*

*Telegraph Corp.*, 872 F.2d 1416, 1424 (9th Cir. 1989) (the naming of Doe defendants cannot defeat diversity jurisdiction). Thus, Plaintiffs and Defendants are citizens of different states, and the diversity requirements of 28 U.S.C. § 1332(d)(2)(A) are satisfied.

**5.    Amount in Controversy – 28 U.S.C. § 1332(d)(2).** Defendants deny all of Plaintiffs' claims and dispute that this case is suitable for class certification. Nevertheless, the amount in controversy by virtue of the claims asserted on behalf of the putative class members exceeds CAFA's $5 million jurisdictional threshold.

Plaintiffs seek to represent a class defined to consist of two groups: (1) all individuals who signed a Pre-Employment Driver Training Agreement with CRST Expedited but did not complete a 10-month Driver Employment Contract between May 12, 2013 to the present (the "Student Driver Class") and (2) all individuals who signed both a Pre-Employment Driver Training Agreement and a Driver Employment Contract with CRST Expedited but did not complete a 10-month Driver Employment Contract between May 12, 2013 to the present (the "Driver Class"). *Complaint*, ¶ 70. Plaintiffs allege there are "more than 1,000 employees who satisfy the class definition." *Id.*, ¶ 71.

According to Plaintiffs, the Pre-Employment Driver Training Agreement that all class members signed contains a liquidated damages clause providing that, if a class member fails to complete his or her 10-month term of employment, the class member would immediately owe CRST Expedited $6,500 plus additional amounts. *Id.*, ¶ 27. Plaintiffs further allege that members of the Driver Class signed a Driver Employment Contract which likewise imposed liquidated damages in the amount of $6,500 for failing to complete the agreement. *Id.*, ¶¶ 34, 70.

Plaintiffs allege that "[t]he provisions of the Pre-Employment Driver Training Agreement and Driver Employment Contract requiring payment of the $6,500 constitute an illegal penalty clause or illegal liquidated damages clause under [California] Civil Code section 1671." *Id.*, ¶ 64. Plaintiffs seek a declaration that these provisions are void and unenforceable. *Id.*, ¶¶ 81-89. In addition to seeking the

elimination of this debt, Plaintiffs seek restitution of all amounts already paid in satisfaction of the amounts owed. *Id.*, *Prayer for Relief*, ¶ 3.

Plaintiffs' allegations place more than $5 million in controversy. Plaintiffs allege that all class members signed agreements subjecting them to $6,500 in liquidated damages for failing to complete their agreements, and that all class members failed to complete the terms of their agreements. Plaintiffs accordingly allege that each class member was subjected to the assessment of a $6,500 penalty for failing to complete the terms of their agreements. Plaintiffs ask the Court to declare the alleged liquidated damages clauses null and void and to render "all amounts paid and debts purportedly owed" under that clause as "uncollectable." *Complaint's Prayer for Relief*, ¶¶ 3, 5, 6. Since Plaintiffs allege that more than 1,000 individuals satisfy the class definition and therefore would have been subjected to the imposition of $6,500 in alleged liquidated damages, Plaintiffs' allegations place at least $6.5 million in controversy (1,000 class members × $6,500 = $6,500,000).

Moreover, while Plaintiffs allege that there are at least 1,000 class members, CRST Expedited has employed more than 2,000 individuals who signed both a Pre-Employment Driver Training Agreement and a Driver Employment Contract but who did not complete the 10-month Driver Employment Contract between May 12, 2013 to the present. *See Declaration of Jason Hedges*, ¶ 2 (attached as *Exhibit C*). The amount in controversy is therefore at least $13 million. This case is accordingly removable under CAFA.

**6.     Timeliness of Removal.** Where "the case stated by the initial pleading is removable on its face," a defendant has 30 days from receipt of the initial pleading to remove the case. *See Kuxhausen v. BMW Fin. Servs., Inc.*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) and citing 28 U.S.C. § 1446(b)). The Complaint was served on May 23, 2017. Removal is therefore timely.

**7.    Notice of Removal to Adverse Parties and to State Court Clerk.** Under 28 U.S.C. § 1446(d), Defendants will give written notice of this removal to Plaintiffs and to the Clerk of the Superior Court of San Bernardino County, California. Promptly after filing this Notice of Removal, Defendants will send to Plaintiffs and will file with the Clerk of the Superior Court of San Bernardino County, California a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached as *Exhibit D*.

**8.    No Waiver.** By filing this Notice of Removal, Defendants do not waive any available defenses.

WHEREFORE, Defendants respectfully remove this case to this Court.

Dated: June 22, 2017

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

By:    */s/ Megan E. Ross*
       Megan E. Ross

Attorney for Defendants,
CRST INTERNATIONAL, INC. and
CRST EXPEDITED, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On June 22, 2017, I served the foregoing document described as **DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Robert J. Wasserman
rwasserman@mayallaw.com
William J. Gorham
sgorham@mayallaw.com
Nicholas J. Scardigli
nscardigli@mayallaw.com
Mayall Hurley, P.C.
2453 Grand Canal Boulevard
Stockton, CA 95207-8253

Jonathan Melmed
jm@melmedlawcom
Melmed Law Group, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035

Craig J. Ackerman
cjn@ackermanntilajef.com
Ackerman & Tilajef, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035

√ **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

√ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

√ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 22, 2017, at Pasadena, California.

_____
Michelle Lazo

4844-1708-1930, v. 7