Marc M. Seltzer
mseltzer@susmangodfrey.com
Steven G. Sklaver
ssklaver@mcguirewoods.com
Susman Godfrey LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
P: (310) 789-3100; F: (310) 789-3150

Robert J. Wasserman
rwasserman@mayallaw.com
Mayall Hurley, P.C.
2453 Grand Canal Boulevard
Stockton, CA 95207-8253
P: (209) 477-3833; F: (209) 473-4818

Craig J. Ackermann
cja@ackermanntilajef.com
Ackermann & Tilajef, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
P: (310) 277-0614; F: (310) 277-0635

Attorneys for Plaintiffs CURTIS MARKSON, MARK McGEORGE, CLOIS MCCLENDON, and ERIC CLARK

*Additional Counsel Listed on Signature Pages*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MARKSON, MARK MCGEORGE, CLOIS MCCLENDON, and ERIC CLARK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CRST INTERNATIONAL, INC.; CRST EXPEDITED, INC.; C.R. ENGLAND, INC.; WESTERN EXPRESS, INC.; SCHNEIDER NATIONAL, INC.; SOUTHERN REFRIGERATED TRANSPORT, INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 5:17-cv-01261-VAP-SP<br><br>**JOINT RULE 26(f) REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Setting Scheduling Conference (Doc. No. 157), entered on April 23, 2019, the parties respectfully submit this Joint Rule 26(f) Report.

## I.   BRIEF NARRATIVE OF THE CASE

In this proceeding, Plaintiffs are asserting federal antitrust claims and various state-law claims against several trucking companies. Defendants deny Plaintiffs' claims. The antitrust claims are based on an alleged conspiracy whereby the Defendants agreed not to hire each other's "under contract" truck drivers. Plaintiffs allege that this "under contract" designation is used for individuals whose costs of attending a driver training school were covered by one of the Defendants. Plaintiffs allege that, if the driver remains employed with the Defendant for a certain period of time, then certain of those costs are waived. Plaintiffs further allege that if the driver is terminated or quit before the end of the contractual period, they are required to repay the company before being released from their "under contract" designation.  Defendants deny the existence of any conspiracy related to "under contract" truck drivers.

Plaintiffs allege that the Defendants reached a non-poaching agreement that precludes them from hiring a driver that is "under contract" with another carrier. Under this agreement, Defendants are alleged to reach out to each other prior to hiring a new truck driver to check whether the driver is "under contract" with another Defendant. If so, the Defendants allegedly refuse to hire that person even if they are qualified for the position and not employed. Furthermore, the Defendants are alleged to engage in this

practice despite the competitive pressures to hire more drivers, such as a nationwide shortage of truck drivers. Plaintiffs contend that this alleged conspiracy violates Section 1 of the Sherman Act and California's Cartwright Act.  Defendants also deny each of these allegations.

Plaintiffs also allege several other state-law claims against the CRST Defendants arising from their employment-related agreements with truck drivers that participate in CRST's driver training program.  The CRST Defendants deny that their truck driver agreements violate California state law. While a driver is employed by CRST, Plaintiffs allege that CRST deducts the costs of mandatory physicals and drug screenings from the driver's pay. Plaintiffs contend that this practice violates California Labor Code § 2802. And if an "under contract" driver's employment is terminated prior to the end of the contractual period, Plaintiffs allege that the CRST Defendants impose a $6,500 charge for reimbursement of the driver's training costs and withhold the driver's final earned wages to pay any fees assessed against the driver. Plaintiffs contend that the $6,500 charge is an unlawful liquidated damages provision under California Civil Code § 1671, and that the practice of withholding a driver's final wages is unlawful under California Labor Code §§ 201 and 202. Plaintiffs also contend that these practices support claims under California's Unfair Competition Law and Private Attorneys General Act. The CRST Defendants deny each of Plaintiffs' allegations and further deny that they have engaged or are engaging in any unlawful conduct.

The parties believe that the factual and legal issues central to the resolution of this case include:

1.      whether the Defendants entered into a horizontal agreement to refrain from hiring drivers that are "under contract" with another carrier;

2.      whether Plaintiffs' alleged conspiracy in restraint of trade should be evaluated under the rule of reason or the *per se* rule, and whether the alleged conspiracy, if proven, would violate the applicable standard;

3.      whether any portion of Plaintiffs' damages from the alleged antitrust violations are time-barred;

4.      whether the provisions in CRST's Pre-Employment Driver Training Agreement and Driver Employment Contract requiring drivers to pay certain amounts back to CRST upon termination are unlawful liquidated damages clauses;

5.      whether CRST unlawfully failed to indemnify its employees for necessary expenditures or losses incurred by the employees in direct consequence of the discharge of his or her duties;

6.      whether CRST unlawfully collected wages previously earned by an employee;

7.      whether the class or classes should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3

8.     whether Plaintiffs and class members suffered any damages proximately or legally caused by Defendants alleged conduct and, if so, the amount of damages sustained by Plaintiffs and the class members;

9.     the amount of restitution, if any, that Plaintiffs and the class are entitled to recover; and

10.    the scope of any injunctive relief that should be granted by the Court.

## II.    PROPOSED SCHEDULE

The following proposed schedule is based on the parties' discussions regarding the appropriate timeline for the conduct of this litigation. The parties request that the schedule below be subject to modification by agreement of the parties or by further order of the Court.[1]

| Event | Proposed Date |
|-------|---------------|
| Initial Disclosures Under Rule 26(a)(1) | June 10, 2019 |
| Deadline for substantial completion of employee data production[2] | October 18, 2019 |
| Deadline for substantial completion of document production | February 17, 2020 |
| Last day to amend pleadings or add parties | February 17, 2020 |
| Deadline for completion of fact discovery, including hearing all discovery motions | September 18, 2020 |

---

[1] A copy of the table required by the Court's Order Setting Scheduling Conference is attached hereto as Attachment 1. The parties' proposed schedule, however, contains several events that are not found on the Court's standard template. As a result, the parties respectfully request the Court to enter a scheduling order based on the table above.

[2] For the sake of clarity, the data referred to by this deadline consists of the data requested in Plaintiffs' Request for Production 85 to the CRST Defendants, and Plaintiffs' Request for Production 45 to the remaining Defendants.

| | |
|---|---|
| Last day for filing motion for class certification and serving class certification expert reports | October 16, 2020 |
| Deadline for response on class certification motion and serving reply expert reports on class certification | November 30, 2020 |
| Deadline for reply brief on class certification motion and rebuttal expert reports on class certification | January 14, 2021 |
| Hearing on class certification motion | March 1, 2021, or other date ordered by the Court based on its docket and the parties' proposal(s) at that time |
| Deadline for expert disclosures and reports for parties bearing the burden of proof | 60 Days after the Court's ruling on class certification |
| Deadline for deposing experts for parties bearing the burden of proof | 90 Days after the Court's ruling on class certification |
| Deadline for responsive expert disclosures and reports | 120 days after Court's ruling on class certification |
| Deadline for deposing responsive experts | 150 days after Court's ruling on class certification |
| Deadline for rebuttal expert reports for parties bearing the burden of proof | 164 days after Court's ruling on class certification |
| Last day to submit non-discovery motions, including summary judgment and *Daubert* motions | 210 days after Court's ruling on class certification |
| Last day to conduct settlement conference | 30 days after Court's ruling on any summary judgment motions, or 270 days after Court's ruling on class certification if no summary judgment motion is made |
| Pretrial conference/hearing on motions in limine | 4 months after Court's ruling on any summary judgment motions, or 300 days after Court's ruling on class certification if no summary judgment motion is made |
| Trial date | 6 months after Court's ruling on any summary judgment motions, or 330 days after Court's ruling on class certification if no |

| | summary judgment motion is made |
|---|---|

## III.  PROPOSED DISCOVERY PLAN PURSUANT TO RULE 26(f)

### A.  Proposed Changes in the Timing, Form, or Requirement for Initial Disclosures Pursuant to Rule 26(a)

The parties have agreed to exchange initial disclosures thirty (30) days after their Rule 26(f) conference, which was held on May 10, 2019. The parties therefore anticipate exchanging initial disclosures on June 10, 2019.

### B.  Subjects on Which Discovery May Be Needed

Plaintiffs anticipate taking discovery on the following topics: (a) the Defendants' hiring practices and policies; (b) communications among the Defendants regarding the hiring of "under contract" drivers; (c) the employment market for truck drivers; (d) compensation of the Defendants' truck drivers; (e) the terms and conditions of any program offered by the Defendants to pay for a potential truck driver's training; (f) the Defendants' employment contracts with "under contract" drivers; (g) the Defendants' efforts to restrict "under contract" drivers from being hired with a competing carrier; (h) the organizational structure of the Defendants, including the relationships with any parent or subsidiary entities; and (i) the nationwide driver shortage and the effects of driver turnover in the trucking industry. Additionally, issues related to class certification and the appropriate relief, including damages, will also likely require discovery.

Defendants anticipate taking discovery relating to Plaintiff's claims, including but not limited to the following topics: (a) the allegations in the Complaint, (b) Plaintiff's damages claims, (c) each Plaintiff's employment history, (d) employment agreements entered into by Plaintiffs, (e) truck driver training agreements entered into by Plaintiffs (f) companies in the trucking industry with whom Plaintiffs have sought employment or truck driver training, or by whom Plaintiffs were contacted or solicited for employment or truck driver training, (g) employment practices and opportunities in the trucking industry, (h) compensation for drivers in the trucking industry, (i) the costs, requirements, and procompetitive benefits of driver training programs, and (j) each Plaintiff's experience in CRST's driver training programs. Additionally, issues related to class certification will also likely require discovery.

### C.    Phased Discovery

The parties agree that expert discovery should be conducted after the completion of fact discovery. Otherwise, there is no need for discovery to be conducted in phases or be limited to any particular issues.

### D.    Any Issues About Disclosure, Discovery, or Preservation of ESI

The parties anticipate submitting a joint stipulated order regarding ESI by the date of the scheduling conference.

**E.    Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials**

The parties anticipate submitting a joint proposed protective order that will address these issues by the date of the scheduling conference.

**F.    Changes that Should be Made in the Limitations on Discovery Imposed Under the Federal Rules of Civil Procedure or Local Rules**

**1.    Depositions**

With regard to the number of depositions that may be taken by the Plaintiffs, the parties ***disagree*** and request the Court's guidance. Plaintiffs propose taking no more than <u>ten</u> depositions of each Defendants, whereas the Defendants propose that Plaintiffs be limited to no more than <u>five</u> depositions of each Defendant. In any event, the parties agree to the following conditions regarding depositions taken by the Plaintiffs: (1) depositions beyond this limitation require the Court's approval for good cause shown; and (2) for purposes of this limitation, Defendants CRST International, Inc. and CRST Expedited, Inc. shall count as a single defendant.

The parties otherwise agree to the following limitations on depositions:

- Defendants may take no more than a single deposition of each of the named plaintiffs. The Defendants' depositions of each named plaintiff shall occur simultaneously on the same date, but each named plaintiff may be deposed on separate dates. With respect to the deposition of each named plaintiff, counsel for one Defendant shall be the lead examiner, but counsel for every other Defendant will have an opportunity to ask both common and client-specific questions.

- All parties shall take no more than a single deposition of any third party served with a subpoena, and no more than a single deposition of any expert designated by the opposing side.

- To the extent a party believes they need to take a deposition beyond the above limits, or seek to re-open the deposition of any person for non-repetitive examination, they shall seek the approval of the Court after a showing of good cause.

- Depositions previously taken in this litigation shall not count for purposes of these limitations.

### 2.   Interrogatories

Plaintiffs may serve no more than twenty-three (23) interrogatories on the CRST Defendants and no more fifteen (15) interrogatories on each other Defendant. For purposes of this limitation, Defendants CRST International, Inc. and CRST Expedited, Inc. shall count as a single defendant.

Defendants may collectively serve no more than fifteen (15) interrogatories on each of the named plaintiffs, and each Defendant may individually serve an additional five (5) interrogatories on each of the named plaintiffs. In addition to the five interrogatories that CRST may individually serve on each of the named plaintiffs, the CRST Defendants may also serve an additional eight (8) interrogatories on each of the named plaintiffs (collectively between Defendants CRST International, Inc. and CRST Expedited, Inc.), which must be limited to the state law claims asserted against them.

9

### 3. Expert Discovery

The parties anticipate submitting a joint stipulated order regarding expert discovery by the date of the scheduling conference.

## G. Any Other Orders That the Court Should Issue Under Rule 26(c) or Under Rules 16(b) and 16(c)

The parties anticipate submitting a joint proposed protective order that will address this issue by the date of the scheduling conference.

# IV. TOPICS REQUIRED UNDER LOCAL RULE 26-1

## A. Complex Cases

The parties believe that some procedures in the Manual for Complex Litigation may be relevant to this litigation. The parties shall inform the Court if they believe that a particular procedure becomes necessary to manage this litigation.

## B. Motion Schedule

Plaintiffs do not believe that any dispositive motions will be appropriate as to the antitrust claims asserted in this case, but may seek dispositive rulings regarding the state-law claims asserted against the CRST Defendants.

Defendants anticipate that dispositive motions are appropriate for all of Plaintiff's claims, and proposes the schedule as set forth above in Section II for the same.

## C. Alternate Dispute Resolution

The parties believe that ADR Procedure No. 3, participating in a private dispute resolution proceeding, is appropriate. A copy of the Court's required ADR 1 form is

attached hereto as Attachment 2. The parties have not selected a private mediator at this point in time.

### D.     Additional Parties

To the extent that discovery shows other parties may be members of the alleged conspiracy, Plaintiffs reserve the right to name additional defendants. Plaintiffs may not add any additional parties, however, after the last day to add parties identified in the proposed schedule.

### E.     Trial Estimate

The parties estimate, at this point in time, that a trial in this matter will likely require fourteen (14) court days.

### F.     Expert Witnesses

The parties' proposed schedule addresses the proposed timing of expert disclosures required under Fed. R. Civ. P. 26(a)(2).

## IV.   OTHER ISSUES

The parties agree that documents requiring service may be served via electronic mail pursuant to Fed. R. Civ. P. 5. The parties further agree that documents shall be produced in discovery in waves occurring at reasonable intervals.

1

**DATED:** June 10, 2019        **MAYALL HURLEY P.C.**

2

By: */s/ Robert J. Wasserman*_____

3

Robert J. Wasserman
rwasserman@mayallaw.com
William J. Gorham

4

wgorham@mayallaw.com
Nicholas J. Scardigli

5

nscardigli@mayallaw.com
2453 Grand Canal Boulevard

6

Stockton, CA 95207-8253
P: (310) 277-0614; F: (310) 277-0635

7

Counsel for Plaintiffs and the Putative Class

8

**DATED:** June 10, 2019        **ACKERMANN & TILAJEF P.C.**

9

By: */s/ Craig J. Ackermann*_____

10

Craig J. Ackermann
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610

11

Los Angeles, CA 90035
P: (310) 277-0614; F: (310) 277-0635

12

Counsel for Plaintiffs and the Putative Class

13

14

**DATED:** June 10, 2019        **MELMED LAW GROUP P.C.**

15

By: */s/ Jonathan Melmed*_____

16

Jonathan Melmed
jm@melmedlaw.com
1180 South Beverly Drive, Suite 610

17

Los Angeles, CA 90035
P: (310) 824-3828; F: (310) 862-6851

18

Counsel for Plaintiffs and the Putative Class

19

20

21

22

23

24

25

26

27

28

**DATED:** June 10, 2019        **SUSMAN GODFREY LLP**

By: */s/ Marc M. Seltzer*
Marc M. Seltzer
mseltzer@susmangodfrey.com
Steven G. Sklaver
ssklaver@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
P: (310) 789-3100; F: (310) 789-3150

Ian M. Gore
igore@susmangodfrey.com
Matthew R. Berry
mberry@susmangodfrey.com
1201 Third Avenue, Suite 3800
Seattle, WA 98101
P: (206) 516-3880; F: (206) 516-3883
Counsel for Plaintiffs and the Putative Class

**DATED:** June 10, 2019        **MCGUIREWOODS LLP**

By: */s/ J. Brent Justus*
J. Brent Justus
bjustus@mcguirewoods.com
Nicholas Giles
ngiles@mcguirewoods.com
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
P: (804) 775-1000; F: (804) 775-1061

Matthew C. Kane
mkane@mcguirewoods.com
Amy E. Beverlin
abeverlin@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
P: (310) 315-8200; F: (310) 315-8210
Counsel for Defendant,
SCHNEIDER NATIONAL, INC.

**DATED:** June 10, 2019

**NOSSAMAN LLP**

By: */s/ Drew R. Hansen*

Drew R. Hansen
dhansen@nossaman.com
Seth M. Goldstein
sgoldstein@nossaman.com
Roy Z. Silva
rsilva@nossaman.com
535 Anton Boulevard, 9th Floor
Costa Mesa, CA 92626-7109
P: (714) 549-6200; F: (714) 549-6155
Counsel for Defendant,
C.R. ENGLAND, INC.

**DATED:** June 10, 2019

**SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.**

By: */s/ James H. Hanson*

James H. Hanson
jhanson@scopelitis.com
R. Jay Taylor, Jr.
jtaylor@scopelitis.com
Adam J. Eakman
aeakman@scopelitis.com
10 West Mark St., Suite 1400
Indianapolis, MN 46204
P: (317) 637-1777; F: (317) 687-2414

Charles Andrewscavage
candrewscavage@scopeliti.com
30 West Monroe St., Suite 600
Chicago, IL 60603
P: (312) 255-7200; F: (312) 422-1224
Counsel for Defendants,
CRST INTERNATIONAL, INC. and
CRST EXPEDITED, INC.

**DATED:** June 10, 2019

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ James V. Dick*

James V. Dick
James.dick@pillsburylaw.com
Jeetander T. Dulani
Jeetander.dulani@pillsburylaw.com
1200 17th Street NW
Washington, DC 20036
P: (202) 663-8000; F: (202) 354-4896
Counsel for Defendants,
CRST INTERNATIONAL, INC. and
CRST EXPEDITED, INC.

**DATED:** June 10, 2019                    **SNYDER BURNETT EGERER, LLP**

                                            By: */s/ Jessica Farley*
                                            Jessica Farley
                                            jfarley@sbelaw.com
                                            Ashley Ann Dorris
                                            adorris@sbelaw.com
                                            5383 Hollister Ave., Ste. 240
                                            Santa Barbara, CA 93111
                                            P: (805) 692-2800; F: (805) 695-2801
                                            Counsel for Defendant,
                                            SOUTHERN REFRIGERATED
                                            TRANSPORT, INC.

**DATED:** June 10, 2019                    **VARNER & BRANDT LLP**

                                            By: */s/ Richard D. Marca*
                                            Richard D. Marca
                                            richard.marca@varnerbrandt.com
                                            Jeff Olsen
                                            jeff.olsen@varnerbrandt.com
                                            3750 University Ave., Suite 610
                                            Riverside, CA 92501
                                            P: (951) 274-7777; F: (951) 274-7770
                                            Counsel for Defendant
                                            WESTERN EXPRESS, INC.

*All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

15

# Attachment 1

EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:      *Markson, et al. v. CRST International, Inc., et al.*

CASE NO.:       5:17-cv-01261-VAP-SP

**NOTE: The parties have edited the table below to reflect their agreed schedule set forth in the accompanying Joint Rule 26(f) Report. The parties respectfully request that the Court's scheduling order reflect the following schedule.**

| Matter | Plaintiff(s) Request | Defendant(s) Request | Court's Order |
|---|---|---|---|
| Trial Date (**Tuesday**) Jury ✖ Court ☐ Length: <u>14</u> Days | 6 months after Court's ruling on any summary judgment motions, or 330 days after Court's ruling on class certification if no summary judgment motion is made | Agreed | |
| Pretrial Conf., L.R. 16; Hearing on Motions in Limine | 4 months after Court's ruling on any summary judgment motions, or 300 days after Court's ruling on class certification if no summary judgment motion is made | Agreed | |
| Last day to conduct Settlement Conf., L.R. 16-15 | 30 days after Court's ruling on any summary judgment motions, or 270 days after Court's ruling on class certification if no summary | Agreed | |

1

| | judgment motion is made | | |
|---|---|---|---|
| Last day to submit non-discovery motions, including summary judgment and *Daubert* motions | 210 days after Court's ruling on class certification | Agreed | |
| Deadline for rebuttal expert reports for parties bearing the burden of proof | 164 days after Court's ruling on class certification | Agreed | |
| Deadline for deposing responsive experts | 150 days after Court's ruling on class certification | Agreed | |
| Deadline for responsive expert disclosures and reports | 120 days after Court's ruling on class certification | Agreed | |
| Deadline for deposing experts for parties bearing the burden of proof | 90 days after the Court's ruling on class certification | Agreed | |
| Deadline for expert disclosures and reports for parties bearing the burden of proof | 60 days after the Court's ruling on class certification | Agreed | |
| Hearing on class certification motion | March 1, 2021, or other date ordered by the Court based on its docket and the parties' proposal(s) at that time | Agreed | |

| | | | |
|---|---|---|---|
| Deadline for reply brief on class certification motion and rebuttal expert reports on class certification | January 14, 2021 | Agreed | |
| Deadline for response on class certification motion and serving reply expert reports on class certification | November 30, 2020 | Agreed | |
| Last day for filing motion for class certification and serving class certification expert reports | October 16, 2020 | Agreed | |
| Deadline for completion of fact discovery, including hearing all discovery motions | September 18, 2020 | Agreed | |
| Last day to amend pleadings or add parties | February 17, 2020 | Agreed | |
| Deadline for substantial completion of document production | February 17, 2020 | Agreed | |
| Deadline for substantial completion of | October 18, 2019 | Agreed | |

3

| employee data production | | | |
|---|---|---|---|
| Initial disclosures under Rule 26(a)(1) | June 10, 2019 | Agreed | |

LOCAL RULE 16-15 Settlement Choice:

☐ U.S. Magistrate Judge (#1)

☐ Attorney Settlement Officer Panel (#2)

&#10006; Outside ADR (#3)

# **Attachment 2**

Name, Address and Telephone Number of Attorney(s)

Marc M. Seltzer, SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Curtis Markson, Mark McGeorge, Clois McClendon, and Eric Clark, individually and on behalf of all others similarly situated,<br><br>                               v.                        Plaintiff(s) | CASE NUMBER<br><br>5:17-cv-01261-VAP-SP |
| CRST International, Inc.; CRST Expedited, Inc.; C.R. England, Inc.; Western Express, Inc.; Schneider National, Inc.; Southern Refrigerated Transport, Inc.<br><br>                                         Defendant(s). | **REQUEST:**<br>**ADR PROCEDURE SELECTION** |

Pursuant to L.R. 16-15, the parties request that the Court approve the following ADR procedure:

☐   **ADR PROCEDURE NO. 1** - The parties shall appear before the ☐ magistrate judge assigned to the case *or* ☐ the magistrate judge in Santa Barbara for such settlement proceedings as the judge may conduct or direct.

☐   **ADR PROCEDURE NO. 2** - The parties shall appear before a neutral selected from the Court's Mediation Panel.

☑   **ADR PROCEDURE NO. 3** - The parties shall participate in a private dispute resolution proceeding.

Dated: June 10, 2019      /s/ Marc M. Seltzer

                                     Attorney for Plaintiff (All)

Dated: June 10, 2019      /s/ Robert J. Wasserman

                                     Attorney for Plaintiff (All)

Dated: June 10, 2019      /s/ James V. Dick

                                     Attorney for Defendant CRST Int'l, Inc.; CRST Expedited

Dated: June 10, 2019      /s/ J. Brent Justus

                                     Attorney for Defendant Schneider National, Inc.

NOTE: If additional signatures are required, attach an additional page to this request.

1    **DATED:** June 10, 2019                    **MAYALL HURLEY P.C.**

2                                                By: */s/ Robert J. Wasserman*_____
3                                                Robert J. Wasserman
                                                 rwasserman@mayallaw.com
4                                                William J. Gorham
                                                 wgorham@mayallaw.com
5                                                Nicholas J. Scardigli
                                                 nscardigli@mayallaw.com
6                                                2453 Grand Canal Boulevard
                                                 Stockton, CA 95207-8253
7                                                P: (310) 277-0614; F: (310) 277-0635
                                                 Counsel for Plaintiffs and the Putative Class

8    **DATED:** June 10, 2019                    **ACKERMANN & TILAJEF P.C.**

9                                                By: */s/ Craig J. Ackermann*_____
10                                               Craig J. Ackermann
                                                 cja@ackermanntilajef.com
11                                               1180 South Beverly Drive, Suite 610
                                                 Los Angeles, CA 90035
12                                               P: (310) 277-0614; F: (310) 277-0635
                                                 Counsel for Plaintiffs and the Putative Class

13

14   **DATED:** June 10, 2019                    **MELMED LAW GROUP P.C.**

15                                               By: */s/ Jonathan Melmed*_____
                                                 Jonathan Melmed
16                                               jm@melmedlaw.com
                                                 1180 South Beverly Drive, Suite 610
17                                               Los Angeles, CA 90035
                                                 P: (310) 824-3828; F: (310) 862-6851
18                                               Counsel for Plaintiffs and the Putative Class

19

20

21

22

23

24

25

26

27

28

                                                  1

**DATED:** June 10, 2019          **SUSMAN GODFREY LLP**

By: */s/ Marc M. Seltzer*
Marc M. Seltzer
mseltzer@susmangodfrey.com
Steven G. Sklaver
ssklaver@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
P: (310) 789-3100; F: (310) 789-3150

Ian M. Gore
igore@susmangodfrey.com
Matthew R. Berry
mberry@susmangodfrey.com
1201 Third Avenue, Suite 3800
Seattle, WA 98101
P: (206) 516-3880; F: (206) 516-3883
Counsel for Plaintiffs and the Putative Class

**DATED:** June 10, 2019          **MCGUIREWOODS LLP**

By: */s/ J. Brent Justus*
J. Brent Justus
bjustus@mcguirewoods.com
Nicholas Giles
ngiles@mcguirewoods.com
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
P: (804) 775-1000; F: (804) 775-1061

Matthew C. Kane
mkane@mcguirewoods.com
Amy E. Beverlin
abeverlin@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
P: (310) 315-8200; F: (310) 315-8210
Counsel for Defendant,
SCHNEIDER NATIONAL, INC.

**DATED:** June 10, 2019                **NOSSAMAN LLP**

By: */s/  Drew R. Hansen*_____
Drew R. Hansen
dhansen@nossaman.com
Seth M. Goldstein
sgoldstein@nossaman.com
Roy Z. Silva
rsilva@nossaman.com
535 Anton Boulevard, 9th Floor
Costa Mesa, CA 92626-7109
P: (714) 549-6200; F: (714) 549-6155
Counsel for Defendant,
C.R. ENGLAND, INC.

**DATED:** June 10, 2019                **SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.**

By: */s/ James H. Hanson*_____
James H. Hanson
jhanson@scopelitis.com
R. Jay Taylor, Jr.
jtaylor@scopelitis.com
Adam J. Eakman
aeakman@scopelitis.com
10 West Mark St., Suite 1400
Indianapolis, MN 46204
P: (317) 637-1777; F: (317) 687-2414

Charles Andrewscavage
candrewscavage@scopeliti.com
30 West Monroe St., Suite 600
Chicago, IL 60603
P: (312) 255-7200; F: (312) 422-1224
Counsel for Defendants,
CRST INTERNATIONAL, INC. and
CRST EXPEDITED, INC.

**DATED:** June 10, 2019                **PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ James V. Dick*_____
James V. Dick
James.dick@pillsburylaw.com
Jeetander T. Dulani
Jeetander.dulani@pillsburylaw.com
1200 17th Street NW
Washington, DC 20036
P: (202) 663-8000; F: (202) 354-4896
Counsel for Defendants,
CRST INTERNATIONAL, INC. and
CRST EXPEDITED, INC.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DATED:** June 10, 2019          **SNYDER BURNETT EGERER, LLP**

By: */s/ Jessica Farley*_____
Jessica Farley
jfarley@sbelaw.com
Ashley Ann Dorris
adorris@sbelaw.com
5383 Hollister Ave., Ste. 240
Santa Barbara, CA 93111
P: (805) 692-2800; F: (805) 695-2801
Counsel for Defendant,
SOUTHERN REFRIGERATED
TRANSPORT, INC.

**DATED:** June 10, 2019          **VARNER & BRANDT LLP**

By: */s/ Richard D. Marca*_____
Richard D. Marca
richard.marca@varnerbrandt.com
Jeff Olsen
jeff.olsen@varnerbrandt.com
3750 University Ave., Suite 610
Riverside, CA 92501
P: (951) 274-7777; F: (951) 274-7770
Counsel for Defendant
WESTERN EXPRESS, INC.

*All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*