Marc M. Seltzer
mseltzer@susmangodfrey.com
Steven G. Sklaver
ssklaver@mcguirewoods.com
Susman Godfrey LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
P: (310) 789-3100; F: (310) 789-3150

Robert J. Wasserman
rwasserman@mayallaw.com
Mayall Hurley, P.C.
2453 Grand Canal Boulevard
Stockton, CA 95207-8253
P: (209) 477-3833; F: (209) 473-4818

Craig J. Ackermann
cja@ackermanntilajef.com
Ackermann & Tilajef, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
P: (310) 277-0614; F: (310) 277-0635

Attorneys for Plaintiffs CURTIS MARKSON, MARK McGEORGE, CLOIS
MCCLENDON, and ERIC CLARK

*Additional Counsel Listed on Signature Pages*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MARKSON, MARK McGEORGE, CLOIS MCCLENDON, and ERIC CLARK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CRST INTERNATIONAL, INC.; CRST EXPEDITED, INC.; C.R. ENGLAND, INC.; WESTERN EXPRESS, INC.; SCHNEIDER NATIONAL, INC.; SOUTHERN REFRIGERATED TRANSPORT, INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 5:17-cv-01261-VAP-SP<br><br>**STIPULATED** ~~**[PROPOSED]**~~<br><br>**PROTECTIVE ORDER** |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protections it affords them from public disclosure and use extends only to the information or items entitled to confidential treatment under applicable legal principles. The Stipulated Protective Order does not entitle the parties to file confidential information under seal; Civil L. R. 79-5 governs requests to file under seal.

2. **DEFINITIONS**

2.1  <u>Challenging Party:</u> a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  <u>"CONFIDENTIAL" Information or Items:</u> information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including without limitation: (1) information protected pursuant to Federal Rule of Civil Procedure 5.2; (2) information protected by any federal, California, or other privacy statute, such as the California Right to Financial Privacy Act; and (3) information protected by an existing contractual obligation requiring the Designating Party to maintain the confidentiality of the information. Nothing in this

paragraph shall preclude a Party from redacting personal information, including social security numbers or dates of birth, as required by governing law or contract or otherwise pursuant to the applicable policies of the Party.

2.3     "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," production of which on a "CONFIDENTIAL" basis to another Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.4     "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items: extremely sensitive "Confidential Information or Items," production of which to another Party, including that Party's House Counsel, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5     Counsel (without qualifier): Outside Counsel of Record and House Counsel, as well as their support staff, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators.

2.6     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

2.7     Disclosure or Discovery Material: all items or information, including from any Nonparty, regardless of the medium or manner in which it is generated, stored, or

maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.9 <u>House Counsel:</u> attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record:</u> attorneys, as well as their support staff (including but not limited to paralegals, secretaries, law clerks, and investigators) who are not employees of a Party to this action but are retained by a Party to represent or advise a party to this action and (1) have appeared in this action on behalf of that party, or (2) are affiliated with a law firm which has appeared on behalf of that Party.

2.12 <u>Party:</u> any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

2.16 <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

3.1 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (ii) any information known to the Receiving Party prior to the disclosure or obtained by the

Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (iii) any information obtained outside of litigation with the consent of the Producing Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.2     Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

3.3     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the written consent of the Designating Party or by order of the Court.

3.4     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

3.5     Nothing in this Order shall be construed to prevent Counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

4.     <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final Disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice;

and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under this Order. If only a portion or portions of material, documents, items, or oral or written communications qualify under this Order, the Designating Party, to the extent practicable, shall designate only the portion or portions for protection - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. For purposes of clarity, however, a Party may designate an entire document if a portion of that document qualifies for protection under this Order. Such designation shall not, however, automatically extend to any attached or related documents unless those documents separately qualify for protection.

5.2 A Designating Party shall not make clearly unjustified designations or designations for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties).

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level

of protection initially asserted, that Designating Party must within a reasonable time notify all other parties that it is withdrawing the mistaken designation and re-produce the material with the correct designation.

5.3 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" to each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the

"CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" legend to each page that contains Protected Material. Such designations shall be made in accordance with the provisions of this Order, including, but not limited to, Paragraphs 5.1.

(b)     for testimony given in deposition, any party or testifying persons or entities may designate any portion of the testimony or exhibits "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" either on the record before the close of the deposition or in writing on or before the later of (i) thirty (30) days after receipt of the final transcript, or (ii) the deadline for submission of errata and/or the deponent's signature. Only those portions of the testimony that are designated for protection shall be covered by the provisions of this Protective Order. If any portion of a videotaped deposition is designated, the original and all copies of any videocassette, videotape, DVD or other media container shall be labeled with the appropriate legend. Pending designation as set forth above, the entire transcript, including exhibits, shall be deemed "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." If no designation is made within the time period above, the transcript shall be considered not to contain any Protected Material.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," as instructed by the Designating Party.

Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages and videotape of the deposition testimony dealing with such Protected Material, so long as so designated by the Producing Party pursuant to Section 5.4(b). Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)     for all other information or tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY." Such designations shall be made in accordance with the provisions of this Order, including, but not limited to, Paragraphs 5.1.

5.5     <u>Inadvertent Failures to Designate.</u> If a Producing Party discovers that "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information or items that it produced was not designated as Protected Material, or that it produced information or items that were designated as Protected Material but had designated it in the incorrect category, the Producing Party may notify all other Parties of the error and identify the

affected information or items and their new designation or re-designation. Thereafter, the information or items so designated or re-designated will be treated as Protected Material. After providing such notice, the Producing Party shall provide re-labeled copies of the information or items to each Receiving Party reflecting the change in designation.

An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Receiving Parties' option, all Discovery Material reasonably accessible to the Receiving Party that was not designated properly. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by not challenging a designation promptly after the original designation is disclosed, unless a prompt challenge is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation.

6.2     <u>Meet and Confer.</u> The Challenging Party shall initiate a designation of confidentiality challenge by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of the written notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3     <u>Judicial Intervention.</u> If the Parties cannot resolve a challenge without court intervention, any challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or related appellate proceeding, and not for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, including attorneys who are principals of, employed by, or working for said Outside Counsel of Record, as well as non-attorney employees and contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) any putative Class Representative plaintiff named in these actions;

(c) current or former officers, directors, and current employees (including House Counsel) of the Receiving Party, to whom disclosure is reasonably necessary for

this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as their immediate paralegals and staff;

(d) Experts (as defined in this Order) retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent reasonably necessary to perform such work and provided that (i) such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) such Expert is not a current officer, director, or employee of a Party or of a competitor of a Party, nor is anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party;

(e) the court and its personnel;

(f) court reporters, stenographers, and videographers retained to record testimony in this action and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their testimony or preparation for their testimony, witnesses in the action to whom disclosure is reasonably necessary, provided that such witnesses shall be bound by the terms of this stipulated order and shall be given a copy of it at the outset of a deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) mock jurors who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(j) any mediator, and his or her staff, who is assigned to hear this matter, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(k) any other person with the prior written consent of the Producing Party.

7.3     Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following:

(a) Persons designated in Paragraphs 7.2 (a), (d), (e), (f), (g), (h), (i), (j) and (k);

(b) House Counsel of the Receiving Party who have responsibility for supervision and/or management of this litigation and to whom disclosure is reasonably necessary for this case, who are permitted by the Producing Party to have access to such materials, and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

7.4     Disclosure of "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclosure any information or item

designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only to the following: Persons designated in Paragraphs 7.2 (a), (d), (e), (f), (g), (h), (i), (j) and (k).

7.5 <u>Retention of Exhibit A</u>. Outside Counsel for the Party that obtains the signed 'Acknowledgment and Agreement to be Bound' forms (Exhibit A to this Order), as required above, shall retain them for six months following the final termination of this action, including any appeals, and shall make them available to the other Parties for good cause shown.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR GOVERNMENT INVESTIGATION</u>

8.1 If a Party is served with a document request, investigatory demand for documents, subpoena or a court order ("Document Demand") issued in other litigation or government investigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," that Party must:

(a) notify the Designating Party in writing within three business days. Such notification shall include a copy of the Document Demand;

(b) promptly notify in writing the party who caused the Document Demand to issue in the other litigation that some or all of the material covered by the Document Demand is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating

Party timely seeks a protective order, the Party served with the Document Demand shall not produce any information designated in this action as "CONFIDENTIAL," "CONFIDENTIAL -ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material.

(d) Nothing in these provisions should be construed as directing, authorizing or requiring a Receiving Party in this action to disobey a lawful order of any court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

9.1 The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 In the event that a Party is required, by a valid discovery request, to produce a Non- Party's confidential information in its possession or control, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-party;

(b) provide the Non-Party with a copy of this Order, and the relevant discovery request(s); and

(c) make the information requested available for inspection by the Non-Party.

9.3     If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. See Section 14.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality.

writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1 If information subject to a claim of attorney-client privilege, work product protection or other privilege or protection is inadvertently produced, such production shall not constitute automatic waiver of such privilege or protection pursuant to Federal Rules of Evidence 502. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in the Federal Rules of Civil Procedure and the Federal Rules of Evidence. See Fed. R. Civ. P. 26(b)(5)(B); Fed. R. Evid. 502(d)-(e). For purposes of this Section 11.1, the word "promptly" as used in Fed. R. Civ. P. 26(b)(5)(B) shall mean within three business days after the Producing Party notifies a Receiving Party of the inadvertent production.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order. Neither this Order nor the production of Protected Material shall be deemed a concession or determination of the relevance, materiality, or admissibility of such Protected Material.

12.3     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

12.4     Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above captioned matter. The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

12.5     Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

12.6 <u>Burdens of Proof.</u> Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

12.7 <u>Modification by Court.</u> This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice. The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

12.8 <u>Discovery Rules Remain Unchanged.</u> Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.

13. <u>FINAL DISPOSITION.</u>

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material if specifically requested by the Producing Party. As used in this subdivision,

"all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed upon request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding the foregoing, the Parties are not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business, and Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| **DATED:** June 10, 2019 | **MAYALL HURLEY P.C.** |

By: */s/ Robert J. Wasserman*
Robert J. Wasserman
rwasserman@mayallaw.com
William J. Gorham
wgorham@mayallaw.com
Nicholas J. Scardigli
nscardigli@mayallaw.com
2453 Grand Canal Boulevard
Stockton, CA 95207-8253
P: (310) 277-0614; F: (310) 277-0635
Counsel for Plaintiffs and the Putative Class

| | |
|---|---|
| **DATED:** June 10, 2019 | **ACKERMANN & TILAJEF P.C.** |

By: */s/ Craig J. Ackermann*
Craig J. Ackermann
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
P: (310) 277-0614; F: (310) 277-0635
Counsel for Plaintiffs and the Putative Class

| | |
|---|---|
| **DATED:** June 10, 2019 | **MELMED LAW GROUP P.C.** |

By: */s/ Jonathan Melmed*
Jonathan Melmed
jm@melmedlaw.com
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
P: (310) 824-3828; F: (310) 862-6851
Counsel for Plaintiffs and the Putative Class

| | |
|---|---|
| **DATED:** June 10, 2019 | **SUSMAN GODFREY LLP** |

By: */s/ Marc M. Seltzer*
Marc M. Seltzer
mseltzer@susmangodfrey.com
Steven G. Sklaver
ssklaver@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
P: (310) 789-3100; F: (310) 789-3150

Ian M. Gore
igore@susmangodfrey.com
Matthew R. Berry
mberry@susmangodfrey.com
1201 Third Avenue, Suite 3800
Seattle, WA 98101
P: (206) 516-3880; F: (206) 516-3883
Counsel for Plaintiffs and the Putative Class

**DATED:** June 10, 2019                    **MCGUIRE WOODS LLP**

By: */s/ J. Brent Justus*
J. Brent Justus
bjustus@mcguirewoods.com
Nicholas Giles
ngiles@mcguirewoods.com
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
P: (804) 775-1000; F: (804) 775-1061

Matthew C. Kane
mkane@mcguirewoods.com
Amy E. Beverlin
abeverlin@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
P: (310) 315-8200; F: (310) 315-8210
Counsel for Defendant,
SCHNEIDER NATIONAL, INC.

**DATED:** June 10, 2019                    **NOSSAMAN LLP**

By: */s/ Drew R. Hansen*
Drew R. Hansen
dhansen@nossaman.com
Seth M. Goldstein
sgoldstein@nossaman.com
Roy Z. Silva
rsilva@nossaman.com
535 Anton Boulevard, 9th Floor
Costa Mesa, CA 92626-7109
P: (714) 549-6200; F: (714) 549-6155
Counsel for Defendant,
C.R. ENGLAND, INC.

**DATED:** June 10, 2019                    **SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.**

By: */s/ James H. Hanson*
James H. Hanson
jhanson@scopelitis.com
R. Jay Taylor, Jr.
jtaylor@scopelitis.com
Adam J. Eakman
aeakman@scopelitis.com
10 West Mark St., Suite 1400
Indianapolis, MN 46204
P: (317) 637-1777; F: (317) 687-2414

Charles Andrewscavage
candrewscavage@scopeliti.com

30 West Monroe St., Suite 600
Chicago, IL 60603
P: (312) 255-7200; F: (312) 422-1224

**DATED:** June 10, 2019

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ James V. Dick*_____
James V. Dick
james.dick@pillsburylaw.com
Jeetander T. Dulani
jeetander.dulani@pillsburylaw.com
1200 17th Street NW
Washington, DC 20036
P: (202) 663-8000; F: (202) 663-8007
Counsel for Defendants,
CRST INTERNATIONAL, INC. and
CRST EXPEDITED, INC.

**DATED:** June 10, 2019

**SNYDER BURNETT EGERER, LLP**

By: */s/ Jessica Farley*_____
Jessica Farley
jfarley@sbelaw.com
Ashley Ann Dorris
adorris@sbelaw.com
5383 Hollister Ave., Ste. 240
Santa Barbara, CA 93111
P: (805) 692-2800; F: (805) 695-2801
Counsel for Defendant,
SOUTHERN REFRIGERATED
TRANSPORT, INC.

**DATED:** June 10, 2019

**VARNER & BRANDT LLP**

By: */s/ Richard D. Marca*_____
Richard D. Marca
Richard.marca@varnerbrandt.com
Jeff Olsen
Jeff.Olsen@varnerbrandt.com
3750 University Ave., Suite 610
Riverside, CA 92501
P: (951) 274-7777; F: (951) 274-7770
Counsel for Defendant
WESTERN EXPRESS, INC.

*All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

**IT IS SO ORDERED.**

Dated: June 19, 2019



SHERI PYM

U.S. MAGISTRATE JUDGE

# EXHIBIT A – ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

_____[date] in the case of *Markson, et al. v. CRST International, Inc., et al.*,

Cast No. 17-01261-VAP-SP. I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order ("Order") to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of the Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

Signature: _____

Printed Name: _____

Date: _____

City and State where sworn and signed:

_____