UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-1261-SB (SPx) | Date | November 23, 2021 |
|---|---|---|---|
| Title | Curtis Markson, et al. v. CRST International, Inc., et al. | | |

| Present: The Honorable | SHERI PYM, United States Magistrate Judge |
|---|---|

| Kimberly I. Carter | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  (In Chambers) Order Granting Plaintiff's Motion to Strike Witnesses From Steven Transport, Inc.'s Supplemental Initial Disclosures [507]

## I. INTRODUCTION

On October 6, 2021, plaintiffs filed a motion to strike four fact witnesses from defendant Stevens Transport, Inc.'s Supplemental Initial Disclosures. Docket No. 507. The motion is supported by plaintiffs' counsel Robert J. Wasserman declaration ("Wasserman Decl.") and exhibits thereto. Defendant opposed the motion on October 29, 2021. Defendant's opposition is supported by the declaration of defendant's counsel Emil Petrossian ("Petrossian Decl.") and exhibits thereto. Plaintiffs filed a reply on November 5, 2021.

The court found a hearing on the motion would not be of assistance, and so vacated the hearing scheduled for November 23, 2021. The court now grants plaintiffs' motion to strike for the reasons discussed below.

## II. BACKGROUND

Plaintiffs are truck drivers who were formerly employed by defendants. Defendants are trucking companies that operate throughout the country. Plaintiffs allege defendants restrained competition by using a "no-poaching" hiring policy for drivers, and engaged in business practices that kept drivers in unfavorable employment agreements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-1261-SB (SPx) | Date | November 23, 2021 |
|---|---|---|---|
| Title | Curtis Markson, et al. v. CRST International, Inc., et al. | | |

Stevens Transport Inc. was named as a defendant on April 15, 2020. On December 7, 2020, the court granted a modified four-month continuance and set the deadline for fact discovery for July 2, 2021. The parties did not move to extend that deadline, and fact discovery closed on July 2, 2021.

Defendant Stevens Transport served plaintiffs its Rule 26(a)(1) Initial Disclosures on August 14, 2020. Wasserman Decl., Ex 1. On July 2, 2021, at 5:07 p.m. PST, defendant supplemented its Initial Disclosures and identified four new fact witnesses, Cristian De la Cruz, Kirk Smith, Amy Smith, and Ryan Skibenes, all of whom are among defendant's driver employees. Wasserman Decl. ¶4; Ex. 2. Plaintiffs seek to strike the four driver witnesses from defendant's Supplemental Initial Disclosures, and to prevent these witnesses from testifying at trial. Mtn. at 5.

### III. DISCUSSION

Plaintiffs allege defendant's supplemental disclosures served at 5:07 p.m. on the last day of discovery were untimely, unjustified, and unduly prejudicial because the late disclosure deprived plaintiffs of the opportunity to pursue depositions or written discovery before the discovery cut-off. Mtn. at 3-5. Defendant counters that its supplemental disclosures were timely, and that even if they were not, the delay was substantially justified and harmless. Opp. at 9-13.

**1.     The Disclosures Were Not Timely**

Plaintiffs argue defendant's supplemental disclosures identifying four new fact witnesses on the last day of discovery were untimely. Mtn. at 1. The Federal Rules of Civil Procedure require the parties to exchange initial disclosures identifying "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(I). The parties have an ongoing duty to supplement disclosures throughout litigation if the information disclosed is "incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Although Rule 26(e) requires parties to supplement their disclosures "in a timely manner," that phrase "is not defined by the Rule, and depends on the facts and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-1261-SB (SPx) | Date | November 23, 2021 |
|---|---|---|---|
| Title | Curtis Markson, et al. v. CRST International, Inc., et al. | | |

circumstances of the case." *Crescenta Valley Water Dist. v. Exxon Mobil Corp.*, 2013 WL 12095206, at *1 (C.D. Cal. June 24, 2013) (citation omitted). While the parties need not supplement "as each new item of information is learned," they should supplement disclosures "at appropriate intervals during the discovery period." *Id.* (citing Fed. R. Civ. P. 26, Adv. Comm. Notes to 1993 Amendments). The initial disclosure requirements under Rule 26 are intended to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting Fed. R. Civ. P. 26, Adv. Comm. Notes to 1993 Amendments).

Litigants also have an obligation to make pretrial disclosures and identify "the name and, if not previously provided, the address and telephone number of each witness – separately identifying those the party expects to present and those it may call if the need arises." Fed. R. Civ. P. 26(a)(3)(A)(I). These pretrial disclosures must, unless otherwise directed by the court, "be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B).

Here, defendant argues the disclosure was timely because it was made at the time it "determined" it may want to introduce the four driver witnesses at trial, and before the discovery cutoff. Opp. at 5. But supplementing disclosures on the date discovery closes is not inherently timely. *See Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2016 WL 1394280, at *2 (S.D. Cal. Apr. 8, 2016) ("Amended disclosures served after the close of discovery are presumptively untimely . . . . But this does not mean that the contrary is true and that amended disclosures served just hours before the close of discovery presumptively are timely.") (internal citation omitted). As the court in *Obesity Research* reasoned, given that Rule 26(a)(1) requires disclosure of individuals with "discoverable information," it follows that "disclosures of witnesses must be made sufficiently in advance of the close of discovery for the party-opponent to have a reasonable opportunity to pursue discovery of these witnesses." *Id.* (citation omitted).

Defendant suggests it could not have disclosed the four driver witnesses earlier because its determination that it may introduce the witnesses at trial only occurred upon the conclusion of depositions and mediation in late June 2021, which revealed information leading defendant to consider additional arguments it could make. Opp. at 3; Petrossian Decl. ¶12. But defendant fails to articulate what information it uncovered that led it to consider new arguments, nor does it provide any reason to believe its belated reconsideration of its defense arguments could not have occurred earlier.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-1261-SB (SPx) | Date | November 23, 2021 |
|---|---|---|---|
| Title | Curtis Markson, et al. v. CRST International, Inc., et al. | | |

Defendant additionally argues the witnesses were timely disclosed because it complied with Rule 26(a)(3) by disclosing the witnesses more than 30 days before trial. Opp. at 5. But that its disclosure would be considered timely as a pretrial disclosure under Rule 26(a)(3) does not mean defendant timely complied with its supplemental discovery disclosure obligations under Rule 26(e). Rule 26(e) requires the parties to supplement all their Rule 26(a) disclosures "in a timely manner," which includes their Rule 26(a)(1) discovery disclosures. Rule 26(a)(3)'s language makes clear that its requirements are "[i]n addition to" those of Rule 26(a)(1). *See* Fed. R. Civ. P. 26(a)(3)(A). In short, the question here of whether defendant timely supplemented its Rule 26(a)(1) initial discovery disclosures within the meaning of Rule 26(e) is not answered by Rule 26(a)(3)'s deadline for pretrial disclosures.

Defendant cites to *In re First Alliance Mortgage Company*, 471 F.3d 977, 1000 (9th Cir. 2006), where the Ninth Circuit found the trial court did not abuse its discretion in permitting the testimony of plaintiff's late-disclosed witnesses. In that case, while the witnesses were not disclosed "until after the official close of discovery," the court also observed that "the actual close of discovery" had not yet occurred. *First All.,* 471 F.3d. at 1000 & n.10. The court noted that the disclosure was made well before the Rule 26(a)(3) deadline for pretrial disclosures, but also noted defendant had knowledge of the identities of potential witnesses without plaintiff's disclosure. *First All.,* 471 F.3d. at 1000. "Even had it been error for the district court to admit these witnesses, there is nothing to suggest that [defendant] was significantly hampered in its ability to prepare for trial or to examine these witnesses." *Id.* at 1000 (finding the late disclosure harmless).

Defendant contends "[p]laintiffs had every opportunity to conduct discovery regarding individual drivers like the four witnesses at issue," and their failure to do so on the particular topics for which defendants will call these witnesses may not "prevent STI from presenting its drivers as witnesses at trial." Opp. at 7. That plaintiffs could have engaged in discovery regarding these individual drivers is of no significance here. Plaintiffs presumably engaged in the discovery they believed warranted based on the facts known to them, which would have included defendant's disclosures. Having received no indication from defendant until the close of discovery that it intended to call these (or any) drivers as witnesses, it is understandable that plaintiffs did not pursue discovery concerning them or the particular subjects of their intended testimony. This is not a case like *First Alliance*, in which the late-disclosed witnesses were already known to the opposing party without the disclosure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-1261-SB (SPx) | Date | November 23, 2021 |
|---|---|---|---|
| Title | Curtis Markson, et al. v. CRST International, Inc., et al. | | |

In short, Rule 26(a)(1) requires a party to disclose witnesses with "discoverable information" whom it "may use to support its . . . defenses," and Rule 26(e) requires such disclosure to be made "timely." By waiting until the close to discovery to disclose witnesses defendant should have identified much earlier, defendant's disclosure was not timely.

### 2.    The Delay Was Neither Substantially Justified Nor Harmless

Defendant argues that even if the disclosures of these witnesses were untimely, the witnesses should not be stricken from its Rule 26 disclosures because its delay in disclosing them was justified and harmless. Opp. at 9. Defendant contends any prejudice may be cured by allowing plaintiffs to depose the witnesses prior to trial. Opp. at 10-11.

A party that does not timely identify a witness under Rule 26 may not use that witness "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Ninth Circuit "'give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)' because subsection 37(c)(1) 'is a recognized broadening of the sanctioning power.'" *R & R Sails, Inc.*, 673 F.3d at 1245 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Sanctions under Rule 37(c)(1) can be "harsh," particularly when their imposition effectively amounts to the dismissal of a claim. *Id.* at 1247.

In determining whether failure to supplement or disclose is substantially justified or harmless, courts engage in an equitable analysis considering the following factors: "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the non-disclosing party's explanation for it[s] failure to disclose the evidence.'" *Bal Seal Eng'g, Inc v. Nelson Prod., Inc.*, 2019 WL 7865198, at *1 (C.D. Cal. Oct. 17, 2019) (quoting *San Francisco Baykeeper v. West Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (citations omitted)); *see also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (exercising discretion to deny sanction as a matter of "fairness" and to avoid an "unjust" result). Other Ninth Circuit decisions have applied other factors under similar circumstances. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (applying the following factors to determine whether to impose sanction of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-1261-SB (SPx) | Date | November 23, 2021 |
|---|---|---|---|
| Title | Curtis Markson, et al. v. CRST International, Inc., et al. | | |

exclusion for late expert disclosure: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc.,* 673 F.3d at 1246 (citations omitted).

Defendant fails to carry its burden to show its untimely disclosures were substantially justified or harmless. Although defendant vaguely indicates that information learned after the conclusion of depositions and mediation led it to "consider new and additional arguments," such explanation is insufficient to justify untimely disclosure of new fact witnesses. As discussed above, defendant has made no showing it could not have discovered these witnesses (its employees) earlier. Instead, defendant simply points to a belated realization that these witnesses might prove useful, which does not justify its failure to disclose these witnesses until the close of discovery. This is particularly so where, as here, plaintiffs had no reason to anticipate from other discovery or litigation actions that defendant might call these witnesses. Defendant's contention that plaintiffs "cannot legitimately claim surprise" is undermined by its attempt to introduce new witnesses who would testify about new topics defendant admits plaintiffs did not explore during discovery. *See* Opp. at 7.

Defendant argues any prejudice to plaintiffs can be cured by allowing them to depose the four driver witnesses before trial. Opp. at 10. But discovery has closed. Defendant contends there is no need to reopen discovery to permit plaintiffs to depose these witnesses (apparently anticipating the court would permit the depositions after the discovery cutoff). *See* Opp. at 12. Even assuming the court would permit the late depositions, without reopening discovery more generally plaintiffs would be deprived of the ability to conduct any necessary follow up discovery pertaining to these witnesses, as plaintiffs could have done had the witnesses been timely disclosed. *See Mass Probiotics, Inc. v. Asceptic Tech., LLC*, 2017 WL 10621233, at *5 (C.D. Cal. Dec. 21, 2017) ("The Ninth Circuit has made clear that late disclosure of information required by Rule 26(a) is not harmless where it requires discovery to be reopened and a new schedule to be created.") (citing *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)).

Of course, in the appropriate case the court may reopen discovery. *See Guzik Tech.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-1261-SB (SPx) | Date | November 23, 2021 |
|---|---|---|---|
| Title | Curtis Markson, et al. v. CRST International, Inc., et al. | | |

*Enter., Inc. v. W. Dig. Corp.*, 2013 WL 6070414, at *7 (N.D. Cal. Nov. 18, 2013) (denying a motion to strike late-disclosed fact witnesses and allowing defendant to take their depositions because those witnesses were "important" and supported "key evidence" regarding plaintiff's lost profits damages theory). But here, the four driver witnesses do not possess any "key evidence" pertaining to defendant's case. Defendant concedes the four driver witnesses will have "no bearing on any of the pretrial motions." Opp. at 10. In fact, defendant "has not definitely determined that it will call these witnesses at trial." Opp. at 12. Accordingly, excluding the four driver witnesses will have at most minimal impact on defendant's case at trial. *Cf. R & R Sails, Inc.*, 673 F.3d at 1247 (finding sanction "particularly harsh, because it dealt a fatal blow not only to [plaintiff's] fees claim but also to its request for punitive damages" amounting to the dismissal of the claim).

In sum, the equitable considerations here weigh in favor of imposing the sanction of striking the four late-disclosed witnesses from defendant's Rule 26 disclosure, thereby precluding their testimony as witnesses in this case.

## IV. ORDER

IT IS THEREFORE ORDERED that plaintiffs' motion to strike (docket no. 507) is granted. Cristian De la Cruz, Kirk Smith, Amy Smith, and Ryan Skibenes are hereby stricken from defendant Stevens Transport, Inc.'s Supplemental Initial Disclosures, and consequently defendant may not offer any testimony from these witnesses in this case.