# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MARKSON, MARK MCGEORGE, CLOIS MCCLENDON, and ERIC CLARK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CRST INTERNATIONAL, INC., CRST EXPEDITED, INC.; C.R. ENGLAND, INC., WESTERN EXPRESS, INC., SCHNEIDER NATIONAL CARRIERS, INC., SOUTHERN REFRIGERATED TRANSPORT, INC., COVENANT TRANSPORT, INC., PASCHALL TRUCK LINES, INC., STEVENS TRANSPORT, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:17-cv-01261-SB (SPx)<br><br>**FINAL JUDGMENT AS TO SETTLING DEFENDANTS WESTERN EXPRESS, INC., SCHNEIDER NATIONAL CARRIERS, INC., SOUTHERN REFRIGERATED TRANSPORT, INC., COVENANT TRANSPORT, INC., PASCHALL TRUCK LINES, INC., AND STEVENS TRANSPORT, INC.**<br><br>Judge: Hon. Stanley Blumenfeld, Jr.<br>Location: Courtroom 6C<br>  350 West 1st Street<br>  Los Angeles, CA 90012 |

The Court, having granted final approval of the Class Action Settlements (the Settlements)[1] between Plaintiffs CURTIS MARKSON, MARK MCGEORGE, CLOIS MCCLENDON, AND ERIC CLARK (collectively, Plaintiffs) and Defendants WESTERN EXPRESS, INC. (Western), SCHNEIDER NATIONAL CARRIERS, INC. (Schneider), SOUTHERN REFRIGERATED TRANSPORT, INC. (Southern), COVENANT TRANSPORT, INC. (Covenant), PASCHALL TRUCK LINES, INC. (Paschall), and STEVENS TRANSPORT, INC. (Stevens, and collectively, Settling Defendants),[2] through its Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement and Partially Granting Motion for Attorneys' Fees and Costs, Dkt. No. 681 (the "Final Approval Order"), hereby enters Final Judgment in this action as to the Settling Defendants in accordance with the Settlements and the Final Approval Order, and **ORDERS, ADJUDGES, AND DECREES** as follows:

**1.** The Final Approval Order is incorporated herein by reference into this Final Judgment as to the Settling Defendants.

**2.** The Settlements, including the definitions applicable to the Settlements, are incorporated by reference into this Final Judgment as to the Settling Defendants. All terms used in this Order, unless otherwise defined, shall have the same meanings given those terms in the Settlements.

**3.** All Settlement Class Members, as defined in the Final Approval Order and the Settlements, are hereby bound by the Final Approval Order and this Final Judgment as to the Settling Defendants. The Settlement Class consists of the following:

---

[1] The Settlements consist of five separate class action settlement agreements, found at Dkt Nos. 537-3 (Paschall), 537-4 (Schneider), 537-5 (Covenant and Southern), 537-6 (Western) and 564-3 (Stevens).

[2] Plaintiffs and the Settling Defendants are collectively referred to as the Settling Parties.

>All current and former motor drivers "Under Contract" as motor vehicle carriers with CRST International, Inc., CRST Expedited, Inc., C.R. England, Inc., Western Express, Inc., Schneider National Carriers, Inc., Southern Refrigerated Transport, Inc., Covenant Transport, Inc., Paschall Truck Lines, Inc. and/or Stevens Transport, Inc., at any time from May 15, 2013 through the Preliminary Approval Date. Excluded from the Settlement Class are officers, directors, senior executives, employees of Defendants who are not motor vehicle carrier drivers, and personnel in human resources and recruiting departments of the Defendants in this Action.

Attached as **Exhibit A** is the list of individuals who requested exclusion from the Settlements.

4. For settlement purposes, the Court finds that Federal Rule of Civil Procedure 23 has been satisfied.

5. The Court has personal jurisdiction over all members of the Settlement Class as defined in the Settlements and the Court's Final Approval Order, and the Court has subject matter jurisdiction to approve the Settlements (including all exhibits amendments thereto, as previously ordered by the Court). The Settlements, including the definitions applicable to the Settlements, are incorporated by reference into this Final Judgment as to the Settling Defendants.

6. The terms of the Settlements and this Final Judgment as to the Settling Defendants are binding on Plaintiffs and all other Settlement Class Members (except for the 17 individuals who timely excluded themselves from the Settlements), as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata, collateral estoppel and all other preclusive effect in all pending

and future claims, lawsuits or other proceedings (governmental, administrative, regulatory or otherwise), maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that have been raised in this Action and are subject to the Release of claims applicable to the Settlement Class as provided by the Settlements and defined in those Settlements and the Final Approval Order. Since only 17 individuals timely excluded themselves from the Settlement Class, all the remaining Class Members are bound by the Release of Defendants as set forth in the Settlements and the Court's Final Approval Order as to the Settling Defendants.

7. In accordance with the Settlements, as of the Effective Date (as defined in the Settlements), Plaintiffs and all Class Members are deemed to have conclusively released Defendants from "any and all claims, demands, actions, suits, [or] causes of action under any federal, state or local law of any jurisdiction in the United states" that "aris[e] out of any conduct that was or could have been alleged in the Complaints or any act or omission" concerning the settling Defendants' participation in a conspiracy not to hire drivers "under contract" with another Defendant.

8. Nothing contained herein shall constitute a release of Plaintiffs' claims, and the claims of the Settlement Class members, against the Non-Settling Defendants CRST International, Inc., CRST Expedited Inc., and C.R. England, Inc., which remain pending. This Order constitutes the Court's Final Judgment as and between the Settling Parties only.

9. The Court finds that all notice requirements of the Class Action Fairness Act (CAFA) have been satisfied for the Settlements. The Court also notes that, following class notice dissemination to 122,664 class members, there were no objections to the Settlements.

10. In accordance with the Court's Final Approval Order, the Court approved the gross non-reversionary total settlement amount of $9,750,000, including $700,000

from Paschall; $750,000 from Schneider; $800,000 from Covenant and Southern, together; $2 million from Western; and $5.5 million from Stevens. Dkt. Nos. 537-3 at 10, 537-4 at 10, 537-5 at 11, 537-6 at 10, and 564-3 at 12–13. The settlement fund of $9,750,000 will be used to pay (1) costs of class notice and administration of the settlement fund, (2) incentive awards to the named Plaintiffs, (3) attorneys' fees and litigation expenses awarded by the Court, and (4) the remainder shall be paid to the Settlement Class members pro rata based on the weeks worked by each class member for Defendants.

11. In accordance with the Final Approval Order and the Settlements, $252,650 in settlement administration costs shall be paid from the settlement fund to JND Legal Administration LLC, the settlement administrator. Dkt. Nos. 610 at 3, 610-4 at 4.

12. In accordance with the Final Approval Order, the named Plaintiffs shall be paid Class Representative Incentive Awards from the settlement fund as follows: $15,000 for Curtis Markson; $13,500 for Mark McGeorge; $12,000 for Clois McClendon; and $12,000 for Eric Clark.

13. In accordance with the Final Approval Order, Class Counsel shall be paid from the settlement fund attorneys' fees in the amount of $2,437,500, and litigation costs shall also be reimbursed from the settlement fund in the amount of $2,716,510.45.

14. Any checks paid to Settlement class members shall advise that they will remain valid and negotiable for 180 calendar days from the date of their issuance and may thereafter automatically be canceled if not cashed by a Settlement Class member within that time, at which time the Settlement Class member's check will be deemed void and have no further force and effect. Any Settlement Participant's failure to negotiate and/or cash any such check will not abrogate or affect that Settlement Class member's releases under the Settlements. The funds associated with any checks which

are not timely negotiated will be paid to an appropriate cy pres beneficiary, such as St. Christopher Truckers Relief Fund.

     **15.** FINAL JUDGMENT IS HEREBY ENTERED ON THE SETTLEMENTS AS TO THE SETTLING DEFENDANTS WESTERN EXPRESS, INC., SCHNEIDER NATIONAL CARRIERS, INC., SOUTHERN REFRIGERATED TRANSPORT, INC., COVENANT TRANSPORT, INC. PASCHALL TRUCK LINES, INC. and STEVENS TRANSPORT, INC.

     **16.** Following entry of this Order, the Court will dismiss the Settling Defendants from this action with prejudice by separate order. Although the Settling Defendants will be dismissed from this action with prejudice, the Court shall maintain jurisdiction over the Settling Defendants for one (1) year from the date of entry of this Judgment as to the Settling Defendants for purposes of enforcing the terms of the Settlements, the Final Approval Order and this Judgment as to the Settling Defendants, and/or making further orders regarding the disbursal of funds associated with uncashed settlement checks, notwithstanding the entry of the dismissal order and final judgment as to the Settling Defendants.

     **17.** The Clerk is directed to enter this judgment as to the Settling Defendants as final judgment as to the Settling Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure there being no just reason for delay.

     IT IS SO ORDERED.

Dated: August 10, 2022

                                         THE HONORABLE STANLEY BLUMENFELD, JR.
                                         UNITED STATES DISTRICT COURT JUDGE

**Exhibit A**
Class Members Excluded from Settlement

Aaron Danny Pinske

Hailiegh L. Wenger (Pinske)

Daniel Gipson

Judith Dawn Martin

Christopher Michael Troutman

Juan Perez Rodriguez

Randall R. Bennett

Kelly Don Nightengale

Travis Frost

Blazej Mikolajzcak

Stephen C.W. Coleman-Roush

Moh A. Motawakil

Thomas Martin

Carl McRoberts

Frederick Neal

Ryan Helling

Isabel Taveras