JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MARKSON, MARK MCGEORGE, CLOIS MCCLENDON, and ERIC CLARK, individuals on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CRST INTERNATIONAL, INC.; CRST EXPEDITED, INC.; C.R. ENGLAND, INC.; WESTERN EXPRESS, INC.; SCHNEIDER NATIONAL CARRIERS, INC.; SOUTHERN REFRIGERATED TRANSPORT, INC.; COVENANT TRANSPORT, INC.; PASCHALL TRUCK LINES, INC.; STEVENS TRANSPORT, INC.; and DOES 1 TO 10,<br><br>    Defendants. | Case Number: 5:17-cv-01261-SB (SPx)<br><br>**Final Judgment as to Defendants CRST International, Inc., CRST Expedited, Inc., and C.R. England, Inc.** |

**ORDER**

The Court, having granted final approval of the Class Action Settlements between Plaintiffs Curtis Markson, Mark McGeorge, Clois McClendon, And Eric Clark (Plaintiffs) and Defendants CRST International, Inc., CRST Expedited, Inc., and C.R. England, Inc. (Settling Defendants., and together with Plaintiffs, the Settling Parties) hereby enters FINAL JUDGMENT in this action, and ORDERS, ADJUDGES, AND DECREES as follows:

1. This Final Judgment incorporates by reference the definitions in the Order Granting Motion for Final Approval of Class Action Settlement Agreement and Partially Granting Motion for Attorneys Fees and Costs (Dkt. 724) (the Final Approval Order) and in the Settlement Agreement between Plaintiffs and C.R. England, Inc. (Dkt. No. 694-2 at 17) (the CRE Settlement), and the Settlement Agreement between Plaintiffs and CRST International, Inc. and CRST Expedited, Inc. (Dkt. No. 694-2 at 50) (the CRST Settlement, and together with the CRE Settlement, the Settlements). All terms used in this Final Judgment, unless otherwise defined, shall have the same meanings given to those terms in the Settlements.

2. All Settlement Class Members, except those listed in Paragraph 3 below, are hereby bound by the Final Approval Order and this Final Judgment as to the Settling Defendants. The Classes consist of the CRE Settlement Class, the CRST Antitrust Subclass, and the CRST Labor Code Subclass, as follows:

> The CRE Settlement Class is defined as: "[A]ll current and former drivers 'Under Contract' . . . as motor vehicle carrier drivers with CRST International, Inc., CRST Expedited, Inc., C.R. England, Inc., Western Express, Inc., Schneider National Carriers, Inc., Southern Refrigerated Transport, Inc., Covenant Transport, Inc., Paschall Truck Lines, Inc., and Stevens Transport, Inc., at any time from May 15, 2013 through April 1, 2022." The phrase "Under Contract" is defined to mean: "[I]ndividuals who executed an agreement with a Defendant in which the person agreed, and became obligated to work, for that

Defendant for a specified period of time in return for a commercial driver's license education or other training provided by, funded by, or reimbursed by that Defendant and who was employed by that Defendant pursuant to that agreement at any time between May 15, 2013 and April 1, 2022."

The CRST Antitrust Subclass is defined as all current and former drivers "Under Contract" as motor vehicle carrier drivers with CRST, C.R. England, Western Express, Inc., Schneider National Carriers, Inc., Southern Refrigerated Transport, Inc., Covenant Transport, Inc., Paschall Truck Lines, Inc., or Stevens Transport, Inc., at any time from May 15, 2013, through April 1, 2022. The phrase "Under Contract" is defined to mean "all natural persons in the United States who executed an agreement with any Defendant in which the person agreed to work for any Defendant for a specified period of time in return for training provided by, funded by, or reimbursed by that Defendant and who was employed by that Defendant between May 15, 2013 through April 1, 2022."

The CRST Labor Code Subclass is defined as: "[A]ll persons who (1) signed a Pre-Employment Driver Training Agreement and/or Driver Employment Contract with the CRST Defendants, (2) participated in the CRST Defendants' Driver Training Program in California, and (3) were charged for their DOT physical, DOT drug screening, administrative fees, and/or a contract fee after failing to complete their contractually required 8- to 10-month employment term, at any time between May 15, 2013 through April [1], 2022."

3.  The following individuals have timely and validly requested exclusion from the Settlements and the Settlement Classes and are therefore not bound by this final judgment: Hailiegh L. Pinske, Aaron Pinske, Mothana Hussein, Leng David, Ruben Casarez, Sabrina Fordyce, Mekonnen Kebede, Donta Hines, Cheryl Johnson, Ryan Helling, Otis Dean, Patrick Murphy, Syed Uzair, Brian Swain, and Carlos Udave.

4. For settlement purposes, the Court finds that Federal Rule of Civil Procedure Rule 23 has been satisfied. The Court finds that, for settlement purposes, Plaintiffs have satisfied the requirements of Rule 23(a) and (b)(3). *See Amchem Products Inc. v. Windsor*, 521 U.S. 591 (1997).

5. The terms of the Settlements and this Final Judgment as to the Settling Defendants are binding on Plaintiffs and all other Settlement Class Members (except for the 15 individuals who timely excluded themselves from the Settlements and the Settlement Classes, defined above in Paragraph 3), as well as their heirs, executors and administrators, successors, and assigns. All remaining Settlement Class Members are bound by the Release of Defendants as set forth in the Settlements.

6. In accordance with the Final Approval Order, the Court hereby approves the Settlements, including attorneys' fees of 25% of the total $2,125,000 settlement amount (i.e., $531,250), litigation costs in the total amount of $473,629.87; service awards in the amount of $1,500 to each of the four named Plaintiffs; settlement administration costs in the amount of $303,500; and the LWDA's share of the allocated PAGA penalties in the amount of $37,500. The Court hereby orders the Settlement Administrator to distribute the individual settlement amounts to the participating Class Members in accordance with the provisions of the Settlement Agreements.

7. The Court finds that all of the notice requirements of Class Action Fairness Act (CAFA) set forth in 28 U.S.C. § 1715 have been satisfied. Defendants CRST International, Inc. and CRST Expedited, Inc. promulgated the notice required by CAFA on November 4, 2022 (Dkt. No. 709); Defendant C.R. England, Inc. promulgated the notice required by CAFA on November 2, 2022 (Dkt. No. 710).

8. Any checks paid to Settlement Class Members shall advise that they will remain valid and negotiable for 180 calendar days from the date of their issuance and may thereafter automatically be canceled if not cashed by a Settlement Class Member within that time, at which time the Settlement Class Member's check will be deemed

void and have no further force and effect. Any Settlement Class Member's failure to negotiate and/or cash any such check will not abrogate or affect that Settlement Class Member's releases pursuant to the Settlements. The funds associated with any checks which are not timely negotiated will be paid to an appropriate cy pres beneficiary.

9. Following entry of this Final Judgment, the Court will dismiss the Settling Defendants from this action with prejudice. Although the Settling Defendants will be dismissed from this action with prejudice, the Court shall maintain continuing jurisdiction over the Settling Defendants and the settlement funds for purposes of enforcing the terms of the Settlements, the Final Approval Order, and this Final Judgment, and/or making further orders regarding the disbursal of funds associated with uncashed settlement checks, notwithstanding the entry of the dismissal order and final judgment.

10. FINAL JUDGMENT is hereby entered on the Settlements as to the Settling Defendants. Without affecting the finality of this final approval order and final judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement, the Settlement Agreements, and all orders and judgments entered in connection therewith.

11. The Court further FINDS, under Federal Rule of Civil Procedure 54(b), that there is no just reason for delay and therefore DIRECTS that the dismissal of Defendants C.R. England, Inc., CRST International, Inc. and CRST Expedited, Inc. shall be final.

12. Notwithstanding the dismissal of the Settling Defendants, the Court retains continuing jurisdiction over the Plaintiffs and the Settling Defendants and the settlement funds for purposes of effectuating the Settlement Agreements and distributing the settlement fund.

13. After settlement administration has been completed in accordance with the Settlement Agreements, and in no event later than November 30, 2023 (i.e., after the date on which all individual settlement funds have been mailed to the Class

Members, and the check-cashing deadline has expired), Plaintiffs shall file a report with this Court certifying compliance with the terms of each respective Settlement Agreement, and proposing appropriate actions to be taken for any remaining funds due to uncashed settlement checks.

IT IS SO ORDERED.

Dated: February 23, 2023

Stanley Blumenfeld, Jr.
United States District Judge